SMITTON *v.* SEIBERT.

1. CHATTEL MORTGAGES—FORECLOSURE—FRAUD.
   The fact that a stock of goods was sold on mortgage foreclosure for a small percentage of its value does not of itself establish fraud in the sale.

2. SAME—EXEMPTIONS—INVALID SALE.
   Where a surviving partner gave a chattel mortgage upon the partnership property for the benefit of the firm's creditors, subject to his exemptions, which he did not select, and the goods were sold on foreclosure to the surviving partner's wife for a small percentage of their value, and the attorney for

the surviving partner and the mortgagees, who acted as auctioneer and also as agent for the purchaser, stated that the sale would be subject to the exemptions of the surviving partner and any claim of exemption by the estate of the deceased partner, the sale was set aside upon the complaint of the administratrix of the deceased partner.

3. SAME—AUCTIONEER AS AGENT FOR BUYER.
    On the foreclosure of a chattel mortgage, it is improper for the auctioneer to act as agent for the buyer.

4. SAME—RESALE—ACCOUNTING.
    Where a sale under a chattel mortgage is set aside, the purchaser at the invalid sale should be permitted to bid at the resale, and apply on the purchase price the sum paid on the first sale, less the receipts from sales of goods while in her hands.

Appeal from Sanilac; Beach, J. Submitted February 4, 1904. (Docket No. 77.) Decided April 26, 1904.

Bill by Minnie Smitton, administratrix of the estate of William L. Smitton, deceased, against Michael L. Seibert and Rilla Seibert, to set aside a foreclosure sale. From a decree dismissing the bill, complainant appeals. Reversed.

*C. F. Gates*, for complainant.

*F. E. Burton*, for defendants.

MONTGOMERY, J. The complainant's husband, William L. Smitton, and the defendant Michael L. Seibert were copartners in business in the village of Marlette, Sanilac county, from October, 1899, until December, 1900, when Mr. Smitton died. At his death the assets of the firm consisted of a stock of goods and a few accounts, the aggregate value being, at the inventoried price, $3,570.95. The defendant Michael L. Seibert, as surviving partner, paid some small items of indebtedness in the village, but, finding that the indebtedness of the firm substantially equaled the assets, he gave a trust mortgage to secure debts of the firm amounting to $3,374.69, running to Daniel C. Merrill and Charles C. Hubbell, of Marlette.

This mortgage was given reserving from the lien the mortgagor's exemptions of $250. Proceeding under this mortgage, the trustees advertised and sold the property under the mortgage. Mr. Burton, who was the attorney for Mr. Seibert, also acted as attorney for the trustees in the mortgage and as auctioneer on the sale. The property was offered for sale subject to the exemption of Mr. Seibert, and subject to any claims for exemption which the complainant might have as the representative of her deceased husband. At the sale Mr. Burton made bids in behalf of Mrs. Seibert. There were various other bidders, six or eight in number, and the bidding was kept up for some time, until the property was finally struck off to Mrs. Seibert for the sum of $950, and the money was distributed among the creditors of the firm.

This bill is filed by the administratrix, alleging that this sale was fraudulent and a mere sham, and asking that the same be set aside. There was testimony tending to show that, on sales of property of this character, a price of 60 to 75 cents on the dollar would be regarded as a good price. In the present case the property brought less. But if there was an entire absence of fraud, or anything tending to depreciate the value of the property, this does not furnish a justification for setting aside the sale. The circuit judge, who heard the testimony, was of the opinion that no fraud had been made out, and that the sale was *bona fide*.

There can be no doubt on the record that Mrs. Seibert furnished the money from her own funds to purchase this stock, and, if this were the only question presented in the case, we would think the finding of the circuit judge fully justified. But the bill sets out all the facts, and it is appropriately framed to justify such relief as we shall find the complainant entitled to. We think the manner of this sale was not such as to be calculated to produce the best price for the goods. The statement of the auctioneer that the purchaser would buy subject to any demand of complainant of exemption, particularly as it is not clear

that the complainant was making any claim to exemption, and the fact that Michael L. Seibert had not himself chosen to take out his exemption from the goods, resulted in a bid upon the property a small percentage of its value.

The dual position which Mr. Burton occupied, of seller and agent of the buyer, is not approved in the law, and, while no wrong purpose is shown, we think the burden of showing clearly that a fair price was realized has not been met.

We think that, under this bill as it is framed, we are justified in ordering a resale of this property. The complainant asks that the defendants be charged with the inventoried price of the goods. We think this would be unjust in any view. We think that a receiver should be appointed, that the defendants should be charged in the accounting with what they have received for the goods, and credited with the payments which they have made, including a reasonable compensation to the trustees under the mortgage and the attorney, and that the remaining goods, if they can be ascertained, should be resold, and the proceeds turned into the hands of the receiver, and be by him paid out to the creditors of the late firm. On the sale of the goods the defendant Rilla Seibert will be permitted to bid, and will be permitted to apply so much of the sum paid by her to the trustees upon the former purchase as remains after deducting whatever she may have received upon sales. The defendant Michael L. Seibert will be permitted to select from the goods on hand his exemption, amounting to $250. The defendants, at their election, may have a reference to ascertain and report the actual value of the goods received by them, less the exemption, and, upon the defendant Rilla Seibert paying to the trustees for the use of creditors the balance over and above the $950 already paid, the goods will be discharged from any claim in favor of complainant. The complainant will recover costs of this court.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., took no part in the decision.